## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TRUSTEES OF THE IRON WORKERS' LOCALS 15 AND 424 PENSION FUND; TRUSTEES OF THE IRON WORKERS' LOCALS 15 AND 424 ANNUITY FUND; TRUSTEES OF THE IRON WORKERS' LOCALS 15 AND 424 EXTENDED BENEFIT FUND; TRUSTEES OF THE IRON WORKERS' LOCALS 15 AND 424 APPRENTICE TRAINING FUND** | **Civil Action No.** |
| **PLAINTIFFS,** | |
| **VS.** | **January 13, 2016** |
| **PATRIOT STEEL, LLC and RAY DESROCHER, JR.** | |
| **DEFENDANTS.** | |

### COMPLAINT
### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### PARTIES

1.     The Plaintiffs, Trustees of the Iron Workers' Locals 15 and 424 Pension Fund, Trustees of the Iron Workers' Locals 15 and 424 Annuity Fund, Trustees of the Iron Workers' Locals 15 and 424 Extended Benefit Fund, and Trustees of the Iron Workers' Locals 15 and 424 Apprentice Training Fund, are duly appointed Trustees of multi-employer employee benefit plans established pursuant to and in accordance with § 302 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 186, and are employee benefit plans established and maintained by employers engaged in commerce and by an employee organization representing employees engaged in commerce and in an industry and activity affecting commerce within the meaning of

1

29 U.S.C. §§ 1002 (1), (2) and (3). Said Plans have a regular place of business at 321 Research Parkway, Suite 210, Meriden, Connecticut 06450.

2.      The Plaintiffs bring this action in their capacity as Trustees of said Funds, having been duly authorized to institute and maintain the above-captioned action pursuant to the relevant Agreements and Declarations of Trust of said Funds, as amended.

3.      The Defendant, Patriot Steel, LLC (hereinafter referred to as "Patriot Steel") is a Connecticut company with a business address of 515 Woodland Street, Windsor Locks, Connecticut 06096. Patriot Steel transacted business in the State of Connecticut as a contractor or subcontractor in the iron workers' industry.

4.      Upon information and belief, the Defendant, Ray DesRocher, Jr. ("Mr. DesRocher"), is an individual who resides at 515 Woodland Street, Windsor Locks, CT 06096. Upon information and belief, Mr. DesRocher is the principal owner and ultimate decision-maker of Patriot Steel. During all relevant times hereto, Mr. DesRocher represented to the Funds that he had final authority and exercised such authority with respect to all of Patriot Steel's business decisions, including but not limited to all transactions, financial or otherwise by and between Patriot Steel and the Funds.

**JURISDICTION**

5.      This Court has jurisdiction of this action under §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under § 301 of the LMRA, 29 U.S.C. § 185 (a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce,

2

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

and it is an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## FACTS

6.     Patriot Steel is signatory to and has agreed to be bound by all of the terms and conditions of a Collective Bargaining Agreement (hereinafter referred to as the "Agreement") with the Ironworkers' Local 15 and with the Ironworkers' Local 424.

7.     Said Agreement requires, among other provisions, employer contributions to the Funds for each hour worked by each employee covered therein.

8.     Patriot Steel employed certain employees covered under the Agreement from September 1, 2010 to the present ("subject time period") and owes benefit contributions to the Funds corresponding to that the same time period.

9.     On January 19, 2012, Patriot Steel and the Funds entered into a settlement agreement ("first settlement agreement").  In said settlement agreement, the Funds agreed to refrain from filing a lawsuit against the Company for delinquent contributions. In exchange, Patriot Steel agreed to compensate the Funds for all delinquent contributions over the course of a thirty-six month payment plan with the assessment of interest at a rate of 12% per annum. In addition, Patriot Steel also agreed, as a term of the settlement agreement, to remain current in all benefit obligations accrued throughout the duration of the payment plan.

10. The payment plan of the first settlement agreement provided for a thirty-six month payment schedule in which Patriot Steel was required to remit payments for contributions owed totaling *$124,395.76* for the months of September through

3

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

December 2010, the months of October and December 2011, and contributions as contractually required on behalf of Mr. DesRocher for the third quarter of 2010 through the third quarter of 2011.  Patriot Steel was required to remit the first payment by February 20, 2012 and the final, thirty-sixth payment by no later than January 20, 2015.

11.    Patriot Steel submitted twenty-two of the required thirty-six payments on the payment schedule of the first settlement agreement. Such payments totaled *$90,897.84*. During the pendency of the payment plan, however, Patriot Steel became delinquent with respect to current contributions on certain construction projects. Specifically, Patriot Steel became delinquent as follows:

- Patriot Steel owed the Funds contributions totaling *$42,544.43* for work performed on a project known as the "Danbury Hospital Project"; and

- Patriot Steel owed the Funds contributions totaling *$53,889.48* for work on a project known as the "New Britain-Hartford Busway Project."

12.    On January 15, 2014, in a continuing effort to avoid litigation, the Funds and Patriot Steel reached terms on a second settlement agreement to address the company's additional delinquency noted in Paragraph 11. The second settlement agreement provided for a twenty-four month payment plan whereby Patriot Steel would be obligated to make twenty-four partial payments totaling *$87,404.72*. Patriot Steel and the Funds agreed these payments would be applied to the remaining

4

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

contribution balance of *$35,293.99* on the first settlement agreement, the contribution balance of *$42,544.43* for work performed on the Danbury Hospital Project, and interest at a rate of 12% per annum totaling *$9,566.30*.

13. The payment plan on the second settlement agreement did not address the contribution balance in the amount of *$53,889.48* owed for work performed on the New Britain-Hartford Busway Project. Patriot Steel represented to the Funds that the general contractor who employed Patriot Steel on the project, Manafort Brothers, Inc. ("Manafort"), still owed them monies in excess of the contribution balance owed on the project. Accordingly, the Funds agreed with Patriot Steel that payment in full through the issuance of a joint check was the most appropriate course of resolution as to this delinquency. Manafort, however, later disputed it owed any further monies to Patriot Steel for work performed on the project and refused to issue a joint check for Patriot Steel's benefit contributions as to that project. To date, Manafort has only issued a joint check in the amount of *$2,874.82* for work Patriot Steel performed on a different project to be applied toward the aforementioned delinquency on the New Britain-Hartford Busway Project. Patriot Steel, therefore, presently owes the Funds *$51,014.66* for contributions owed as to New Britain-Hartford Busway Project.

14. To date, Patriot Steel also has only made nineteen of the required twenty-four payments on the second settlement agreement. These payments constitute *$69,195.53* of the settlement balance of *$87,404.72*. After application of such settlement payments, a balance of *$18,209.19* remains due to the Funds for contributions owed on the Danbury Hospital Project.

5

15.     Patriot Steel has not performed work covered under the Collective Bargaining Agreement since the week ending July 31, 2015.

16.     Upon information and belief, Patriot Steel has ceased all regular business operations and as such, will not again employ individuals covered under the collective bargaining agreement.

17.     Upon information and belief, Patriot Steel, by and through Mr. DesRocher, does not intend to satisfy its contractual obligations to the Funds as to payment for all hours that were worked in employment covered under the collective bargaining agreements.

## COUNT I

**(Breach of the Collective Bargaining Agreement and Delinquent Contributions under ERISA)**

**Funds v. Patriot Steel, LLC.**

18.     The Funds hereby incorporate by reference Paragraphs 1-17 of the Complaint as fully set herein in Count I.

19.     Patriot Steel owes the Funds a total of **$69,223.85** in delinquent benefit contributions. The contribution amounts owed are detailed as follows:

- **$51,014.66** in benefit contributions for work performed by Patriot Steel on the New Britain-Hartford Busway Project; and

- **$18,209.19** in benefit contributions for work performed on the Danbury Hospital Project.

20.     Pursuant to 29 U.S.C. 1132(g)(2), Patriot Steel is liable to the Plaintiffs for all unpaid contributions; interest on the unpaid contributions; an amount equal to

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan; reasonable attorney's fees; costs of this action; and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A. Ordering Patriot Steel to make payment to the respective Plaintiffs for all unpaid contributions; interest on the unpaid contributions; an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for in the Plan; reasonable attorney's fees; and costs of this action, pursuant to 29 U.S.C. § 1132(g);

B. That Plaintiffs have such other and further relief as may be deemed just and equitable by the Court, all at the cost of Patriot Steel.

## COUNT II

### (Breach of Fiduciary Duty under ERISA)

### FUNDS v. RAY DESROCHER, JR.

21.   The Funds hereby incorporate by reference Paragraphs 1-20 of the Complaint as fully set forth herein in Count II.

22.   The delinquent contributions referred to above are Trust Fund assets over which Defendant, Mr. DesRocher, a principal owner of Patriot Steel, maintained authority or control.

23.   During all relevant times hereto, Mr. DesRocher represented to the Funds that he maintained authority or control over the delinquent contributions referred to above.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE · 333 EAST RIVER DRIVE · SUITE 101 · EAST HARTFORD, CT  06108 · (860) 290-9610 · FAX (860) 290-9611 · JURIS NO. 405719

23.    Defendant Mr. DesRocher used these Trust Fund assets referenced above for purposes other than paying the delinquent contributions.

24.    In directing these Trust Fund assets for other purposes, Mr. DesRocher acted as a fiduciary of the Funds in regard to those assets within the meaning of 29 U.S.C. §1002(21)(A)(i) and did so contrary to the fiduciary obligations under ERISA pursuant to 29 U.S.C. §1104(a)(1), and contrary to the ERISA prohibition from dealing in plan assets in his own interest pursuant to 29 U.S.C. §1106(b)(1).

25.    ERISA §409(a), 29 U.S.C. §1109(a) imposes personal liability to make good to a plan for any losses to the plan resulting from a fiduciary breach.  Thus, as a fiduciary, subject to the duties of a fiduciary under the provisions of ERISA §404, 29 U.S.C. §1104, Mr. DesRocher is personally liable for the repayment to the Funds of the delinquent contributions referred to in Count I above.

**WHEREFORE, Plaintiffs pray:**

A.    That Defendant Ray DesRocher, Jr. be declared a fiduciary of the Plaintiff Trust Funds by virtue of his exercise and control of plan assets and that Ray DesRocher, Jr. be found in breach of his fiduciary duties.

B.    That Ray DesRocher, Jr. be required to pay all outstanding fringe benefit contributions to the Plaintiffs during the period of January 1, 2012 to August 30, 2015.

C.    That Ray DesRocher, Jr. be ordered to pay the greater of 1) double interest or 2) interest plus liquidated damages on the amount that is due.

8

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

D.       That Ray DesRocher, Jr. be ordered to pay the reasonable attorney and

auditor fees and costs incurred by the Plaintiffs.

E.       That Plaintiffs have such other and further relief as may be deemed just

and equitable by the Court, all at the cost of Ray DesRocher, Jr.

DATED at East Hartford, Connecticut, this 13th day of January 2016.

ATTORNEY FOR PLAINTIFFS,

By: _____

Brendan L. Hughes, Esq.
Fed. Bar No. ct29675
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT  06108-4203
Tele. No.: (860) 290-9610
Fax No.: (860) 290-9611
E-mail: bhughes@cheverielaw.com

9

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h), this 13th day of January 2016, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD 21201
Attn:   **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:   **Assistant Solicitor for Plan**
          **Benefits Security**


BRENDAN L. HUGHES, ESQ.

10

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719